IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LUZ GONZALEZ FELIX, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| ANDREW SAUL, et al., | : | |
| Defendant. | : | No. 20-484 |

## MEMORANDUM OPINION

TIMOTHY R. RICE                                                                                                    October 27, 2020
U.S. MAGISTRATE JUDGE

    Plaintiff Luz Gonzalez Felix alleges the Administrative Law Judge ("ALJ") erred in denying her applications for Supplemental Security Income Benefits ("SSI") and Disability Insurance Benefits ("DIB") by finding her residual functional capacity ("RFC") allowed frequent use of her hands and failing to make a distinction between her pre- and post-surgery limitations. Pl. Br. at 8, 10-11. As explained below, I deny Gonzalez Felix's claims.

    Although Gonzalez Felix had multiple severe impairments, including carpal tunnel syndrome, the ALJ found Gonzalez Felix had the RFC to perform light work with no involved instructions and frequent but not continuous use of her hands. R. at 18.

I.    RFC

    Gonzalez Felix argues the ALJ failed to adequately consider her subjective complaints concerning her bilateral upper extremity limitations due to pain. Pl. Br. at 6, 10. The record does not support Gonzalez Felix's assertion.

    An ALJ must evaluate all relevant evidence and provide a "clear and satisfactory explication of the basis on which [her RFC determination] rests." Fargnoli v. Massanari, 247 F.3d 34, 41

1

(3d Cir. 2001). She "must include a narrative discussion describing how the evidence supports each conclusion," and "explain how any material inconsistencies or ambiguities in the record were considered and resolved." SSR 96-8p, 1996 WL 374184, at *7.

The ALJ supported the RFC by discussing the objective medical evidence, medical opinion, and Gonzalez Felix's allegations, R. at 15, 18-19, including: left carpal tunnel release surgery prior to her alleged onset date, id. at 15; left elbow surgery in February, 2016; id. at 366; injections to her right thumb, followed by right carpal tunnel surgery, id. at 356, more extensive surgery on her left elbow as well as surgery on her long and ring fingers in October, 2017, id. at 15, 1427, and right thumb surgery in October, 2018, id. at 15, 2581.

Gonzalez Felix testified that she is unable to open a jar and needs assistance to put on shirts, pants, bath, and brush her hair. Id. at 38-40. She testified that she often drops things and at times is unable to finish writing her name. Id. She also testified that she is unable to lift anything heavy. Id. at 40. The ALJ found that plaintiff's testimony was not entirely consistent with the medical evidence. Id. at 19. The ALJ acknowledged that, although Gonzalez Felix has had multiple surgical procedures on her upper extremities, there is no evidence that she ever lacked grip strength or the ability to lift and carry objects. Id. at 19. Substantial evidence supports this finding. There is no evidence of any limitations in grip strength or mobility; instead, there are multiple notations that Gonzalez Felix's wrist range of motion was normal. Id. at 363, 355, 1416.

Gonzalez Felix argues that the ALJ "makes scant mention of plaintiff's testimony...that she 'has problems using her hands and often drops items.'" Pl. Br. at 9, citing R. at 19; see also id. at 38-40 (testimony). The ALJ considered those exact complaints. Id. at 19. Once an ALJ "articulates at some minimum level her analysis of a particular line of evidence," she is not

required to provide "[a] written evaluation of every piece of evidence." Phillips v. Barnhart, 91 F. App'x 775, 780 n.7 (3d Cir. 2004).

The ALJ noted that no treating physician stated that Gonzalez Felix was disabled, or imposed any functional limitations that would prevent her from working. R. at 19. The ALJ also gave "great weight" to the opinion of the state agency reviewing physician, who found that Gonzalez Felix could perform light work without no manipulative limitations. Id. By limiting her to frequent but not continuous use of her hands, the ALJ provided a more limited RFC than the state agency physician recommended. Id. Gonzalez Felix has cited no evidence that the ALJ overlooked that would support further limitations.

The ALJ reasonably accommodated the medically documented upper extremity limitations and the VE testimony constituted substantial evidence that Gonzalez Felix could find jobs available in the economy despite her impairments. Plummer v. Apfel, 186 F.3d 422, 432 (3d Cir. 1999); See Sanchez v. Comm'r of Soc. Sec., 705 F. App'x 95, 98 (3d Cir. 2017) (upholding ALJ determination when there was "adequate evidence in the record to support the ALJ's conclusion" despite "some evidence to the contrary").

II.     Relevant Period

Gonzalez Felix also claims the ALJ failed to distinguish between her RFC before and after her surgeries. Pl. Br. 11-12. Gonzalez Felix notes that she has had nine surgeries since December 2012 and that the ALJ "did not explain why his determination is equally valid both before and after [her] surgeries." Id.

As explained by the ALJ, Gonzalez Felix filed a previous application for disability benefits that was denied on September 6, 2015. R. 12. Once that decision became final, her prior claims for disability were barred by res judicata. See Tobak v. Apfel, 195 F.3d 183, 185

(3d Cir. 1999).  Thus, the relevant time period in this matter starts on September 7, 2015 and runs through the date of the ALJ's decision, January 2, 2019.  R. at 22.  As explained supra, the ALJ provided substantial evidence to limit her to frequent use of her hands during the relevant time period, despite the repeated upper extremity surgeries.  Gonzalez Felix fails to explain how her limitations differed prior to and after her surgeries and has identified no evidence the ALJ overlooked.  See Pl. Br. at 11-12.  Further, the ALJ provided a more limited RFC than was recommended by the reviewing physician.  See R. at 19, 112.

    An appropriate order accompanies this opinion.